IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAY FORD,

    Petitioner,               No. CIV S-06-1028 MCE DAD P

    vs.

ANTHONY MALFI, Warden,

    Respondent.           <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. In his application, petitioner challenges the decision of the Board of Parole Hearings finding him unsuitable for parole. Petitioner is confined at the Sierra Conservation Center which is located in Tuolumne County. The parole hearing which resulted in the decision now challenged was held at the California Men's Colony in San Luis Obispo County. Petitioner's underlying judgment of conviction was entered in the Los Angeles County Superior Court.

        Through this habeas action petitioner seeks to challenge the execution of his sentence as opposed to his underlying criminal conviction. In determining the proper venue for this action, several factors are to be considered. Venue is proper in a habeas action in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). However, the district

1

of confinement is the preferable forum where the action challenges the execution of a sentence. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989); see also Whitney v. Brown, No. 105CV00557 RECTAGHC, 2005 WL 1704322, at *2 (E.D. Cal. July 14, 2005) (transferring case to district where petitioner was incarcerated and where most of petitioner's records relating to his incarcerations, parole releases, and parole revocations were located). As noted above petitioner is now, and was at the time of the filing of this action, confined at the Sierra Conservation Center which is located in Tuolumne County which in turn is part of the Fresno Division of the United States District Court for the Eastern District of California. See Local Rule 3-120(d).

Pursuant to Local Rule 3-120(f), a civil action which has not been commenced in the proper division of a court may, on the court's own motion, be transferred to the proper division of the court. Therefore, this action will be transferred to the Fresno Division of the court.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is transferred to the United States District Court for the Eastern District of California sitting in Fresno; and

2. All future filings shall reference the new Fresno case number assigned and shall be filed at:

> United States District Court
> Eastern District of California
> 2500 Tulare Street
> Fresno, CA 93721

DATED: September 21, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
ford1028.109