UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| RAY FORD,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ANTHONY MALFI, Warden,<br><br>　　　　Respondent. | NO. C-06-01325-DLJ<br><br>**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |

Petitioner Ray Ford ("Ford"), a state prisoner in the custody of the California Department of Corrections and Rehabilitation, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Board of Parole Hearings's ("BPH") July 22, 2004 decision to deny him parole. Respondent Anthony Malfi ("Respondent") has filed an answer, to which Ford has filed a traverse. Having considered the papers submitted and the applicable law, the Court hereby DENIES the petition.

**I. BACKGROUND**

**A. Factual Background and Procedural History**

Ford is serving a sentence of twenty-five years to life for one count of first degree murder and one count of second degree murder. On December 23, 1980, Ford and his crime partner set out to retaliate against three individuals who allegedly burglarized Ford's home. Armed with guns, Ford and his partner entered the

victims' residence, bound everyone present, and ransacked the house. Ford shot one victim in the foot. Ford's crime partner then raped one victim and shot all three in the head. One of the victims survived.

Ford pled guilty to first and second degree murder on August 19, 1981. At the hearing, Ford acknowledged that the penalty for first degree murder was twenty-five years to life; that the penalty for second degree murder was fifteen to life; and that he faced a two year enhancement on the second degree murder charge for the use of a firearm. In addition, Ford confirmed that, as a rough estimate, the minimum eligible parole period for first degree murder was "about fifteen years," and that for second degree murder with a firearm enhancement, the minimum period was "approximately twelve years." The trial court verified that Ford was pleading guilty with "full knowledge of the potential liabilities." The court further confirmed that nobody had "made any promises to [Ford], other than what has been stated on the record," with regard to the "potential consequences" of his plea. Ford's attorney claims that he stated to Ford that he "would probably do no more than 15 years."

Since he became eligible for parole, Ford has been denied release several times, including on July 22, 2004. At the 2004 parole hearing, BPH concluded that Ford presented an unreasonable risk to the community. This conclusion was based on several factors. First, BPH found that the offense of conviction was committed with callous disregard for human life. Second, BPH noted Ford's history of unstable social relationships. Third, BPH observed Ford's fairly extensive criminal history, as well as his

2

history of probation and parole revocations. Finally, BPH relied on a psychological evaluation prepared by Dr. Erich Rueschenberg, in which Dr. Rueschenberg concluded that Ford presented a "moderate" risk of danger to society in light of his failure to fully commit to rehabilitation, as well as his tendency to "take the law into his own hands."

Ford challenged BPH's July 22, 2004 decision in the state courts. After the Supreme Court of California denied his final state habeas petition, the instant petition for a writ of habeas corpus followed.

In the present petition, Ford seeks relief on two grounds. First, he contends that, at the time he pled guilty, the prosecutor and trial court promised him he would be granted parole after fifteen years, and that BPH's failure to release him according to this agreement constitutes a breach of the plea bargain. Second, Ford argues that BPH's decision was not supported by "some evidence."

**B. Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the [p]etitioner is not challenging his underlying state court conviction." White v Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, a federal court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## II. DISCUSSION

### A. The Parties' Plea Agreement

#### 1. Timeliness

As an initial matter, Respondent contends that Ford's plea agreement claim is time-barred under AEDPA's one year statute of limitations. The limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Respondent contends that, because Ford believed his plea agreement entitled him to release after a minimum term of fifteen years, the factual basis for Ford's plea agreement claim arose upon the expiration of fifteen years in custody. Thus, according to Respondent, because Ford entered prison in 1981, the statute of limitations began to run some time in 1996, and expired one year later, in 1997.

Respondent is incorrect. The factual predicate for a federal habeas petition challenging the denial of parole is the denial itself. See, e.g., Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003). In this case, Ford challenges BPH's July 22, 2004 denial of

parole.  As a result, it is that decision -- not any earlier decision -- that triggered the statute of limitations.  Respondent does not dispute that any claim arising out of the July 22, 2004 denial is timely.  <u>See</u> Answer ¶ 10.  Accordingly, Ford's claim regarding the plea agreement is not time-barred.

**2. Merits**

Ford's claim does not succeed on the merits, however.  "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971).  Where a prosecutor induces a plea bargain by promising the defendant a specific release date, a federal habeas court may order specific performance of that agreement.  <u>Buckly v. Terhune</u>, 441 F.3d 688, 699 (9th Cir. 2006).

Ford has made no showing that his plea agreement was induced by any promise that he would serve a maximum of fifteen years.  The only evidence of any such agreement is Ford's own declaration, in which he states that he believed he was agreeing to a fifteen year term.

Ford's declaration runs contrary to the great weight of the evidence, however.  At his change of plea hearing, Ford acknowledged that he had not been made any promises regarding the consequences of his guilty plea other than what was stated on the record.  The hearing transcript contains no evidence of an agreement between Ford and the prosecutor that Ford would serve a maximum term of fifteen years.  To the contrary, Ford unambiguously agreed to serve an indeterminate term of fifteen to life, with the possibility of parole beginning after about fifteen years.  Even

assuming that Ford's attorney stated to Ford that he "would probably do no more than 15 years," this equivocal statement does not appear in the hearing transcript, and it provides no insight into the state of mind of the prosecutor or the court.

Because Ford has failed to establish that his plea bargain was induced by any promise regarding his maximum sentence, he has failed to demonstrate that the state court rulings upholding BPH's decision were contrary to, or an unreasonable application of clearly established federal law. Nor has Ford demonstrated that these decisions were based on an unreasonable determination of the facts. For these reasons, Ford's breach of plea agreement claim fails.

**B.   BPH's Parole Suitability Determination**

Ford's second claim also lacks merit. As a matter of federal due process, California inmates possess a liberty interest in parole. See Irons v. Carey, 505 F.3d 846, 850 (9th Cir. 2007). In order to comport with due process, a parole suitability determination must be supported by "some evidence." Id. at 851. "Some evidence" is "any evidence in the record" that supports BPH's decision. Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006). The "some evidence" standard is deferential, but it ensures that "the record is not so devoid of evidence that the findings of [the board] were without support or otherwise arbitrary." Superintendent v Hill, 472 U.S. 445, 457 (1985). Determining whether the "some evidence" requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. What constitutes "some evidence" is determined

according to state law.  <u>Irons</u>, 505 F.3d at 851.

Here, BPH found that Ford was unsuitable for parole in light of the following circumstances: (1) the nature of Ford's commitment offense; (2) his unstable social history; (3) his criminal history; and (4) his psychological profile.  Under California law, these were all proper considerations for BPH to take into account in determining whether Ford was suitable for parole.  <u>See</u> Cal. Code Regs. tit. 15, §§ 2402(b)-(c).  Accordingly, BPH's decision was supported by "some evidence."

The state superior court and court of appeal upheld BPH's decision, and the California Supreme Court summarily affirmed. Ford has not demonstrated that these decisions were contrary to, or an unreasonable application of clearly established federal law. Nor has Ford demonstrated that these decisions were based on an unreasonable determination of the facts.  Ford has also not demonstrated that an independent review of the record reveals the state court decisions to be objectively unreasonable.  Accordingly, this claim lacks merit.

### III. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

IT IS SO ORDERED.

DATED: April 15, 2009

D. Lowell Jensen
United States District Judge